**Entered on Docket**
**April 21, 2010**
GLORIA L. FRANKLIN, CLERK
U.S BANKRUPTCY COURT
NORTHERN DISTRICT OF CALIFORNIA



**Signed: April 20, 2010**

_____
**LESLIE TCHAIKOVSKY**
**U.S. Bankruptcy Judge**
_____

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re<br><br>WEST CONTRA COSTA HEALTHCARE DISTRICT, etc.,<br><br>    Debtor.<br>_____/ | No. 06-41774 T<br>Chapter 9 |
| UECKER & ASSOCIATES, INC., as Trustee for the DOCTORS MEDICAL CENTER TRUST FOR THE BENEFIT OF CREDITORS,<br><br>    Plaintiff,<br><br>  vs.<br><br>TENET HEALTHSYSTEM HOSPITALS, INC.,<br><br>    Defendant.<br>_____/ | A.P. No. 08-4242 AT |

**MEMORANDUM OF DECISION ON RE MOTION FOR RECONSIDERATION**

On March 26, 2010, the Court issued its Memorandum of Decision, concluding that defendant's motion for summary judgment should be granted and plaintiff's motion for partial summary judgment denied. On April 7, 2010, an order to this effect was entered. On April 14, 2010, plaintiff filed a motion to reconsider the Court's order. The Court's procedure with respect to a motion for reconsideration is to

review the motion for merit before permitting it to be set for hearing. This procedure relieves the prevailing party from the need to file an opposition to a clearly meritless motion for reconsideration. Having reviewed plaintiff's motion for reconsideration, the Court concludes that it should be denied summarily, without being set for a hearing. The Court's reasons for its decision are set forth below.

**DISCUSSION**

**A. SUMMARY OF COURT'S ORIGINAL DECISION**

In the above-captioned adversary proceeding, plaintiff alleged that within one year of the bankruptcy filing, the above-captioned debtor made a series of constructively fraudulent transfers to the defendant based on an obligation incurred on July 1, 2005. Plaintiff sought to avoid and recover the transfers pursuant to 11 U.S.C. § 548(a)(1)(B). Section 548(a)(1)(B)(ii) includes as a necessary element of such a claim that the debtor was either insolvent at the time of the transfer or was rendered insolvent by it. The motions previously considered by the Court turned on whether the debtor was insolvent at the time of the transfer. Plaintiff did not assert in its motion that the debtor was rendered insolvent by the transfer.

The debtor is a municipality. The definition of "insolvent" as applied to a municipality is that either the debtor: (1) is not generally paying its debts as they come due (unless the debts are subject to a bona fide dispute) or (2) is unable to pay its debts as they become due. 11 U.S.C. § 101(32)(C). The balance sheet test for

2

insolvency, which is applicable to other types of entities, is not applicable to municipalities.

The relevant date for determining whether the debtor was generally paying its undisputed debts as they came due is the date the debtor incurred the obligation pursuant to which the transfers were made, as stated above, July 1, 2005. The analysis of the debtor's ability to pay its debts looks forward to those debts that will come due during the balance of the year and the debtor's ability to pay those debts as they come due. See In re City of Bridgeport, 129 B.R. 332, 336-38 (Bankr. D. Conn. 1991).

The only evidence initially presented by the plaintiff that the debtor was insolvent at the time of the transfer was seven proofs of claim. The seven proofs of claim reflected $1.3 million in debts incurred during 2005, which remained unpaid at the time the debtor's bankruptcy petition was filed in October 2006. The debtor's financial records established that its monthly operating expenses at this time were between $10 and 11 million. Thus, its operating expenses during 2005 totaled over $100 million. The Court concluded that the debtor's failure to pay $1.3 million of these expenses was insufficient to establish that the debtor was not generally paying its debts as they came due.

Moreover, some of these claims were incurred after July 1, 2005. In addition, no evidence was presented to establish that the unpaid claims were not subject to a bona fide dispute. As a result, the Court concluded that the plaintiff had failed to establish that the debtor was insolvent at the time of the transfer under the first

3

prong of the test for the insolvency of a municipality. Plaintiff does not challenge this conclusion in its motion for reconsideration.

Plaintiff's only evidence in support of the debtor's alleged inability to pay its debts as they came due in its original filings was the debtor's financial records. These records showed that the debtor was losing money every month from July 2005 to the end of the year and that its financial condition was deteriorating. However, the debtor's financial records showed that, at the end of the year, the debtor's cash reserves were sufficient to pay all of its liabilities. The plaintiff contended that the debtor would not have been exercising good business judgment had it exhausted its cash reserves. However, the test for insolvency is whether the debtor could have paid its debts, not whether it should have done so as a matter of good business judgment.

Plaintiff filed a post-hearing brief, in which it advanced a new argument in support of its contention that, by the end of 2005, the debtor was unable to pay its debts as they came due. Plaintiff noted that the debtor's financial records reflected that, in November 2005, the debtor's assets totaled only $9 million whereas its accounts payable and payroll related liabilities totaled $9.5 million. Plaintiff noted that the shortfall was even greater in December 2005. Moreover, plaintiff argued, this did not include the debtor's current liabilities which plaintiff estimated at in excess of $400,000. Thus, notwithstanding the definition of insolvency as applied to a municipality, plaintiff relied on a balance sheet analysis for its

4

assertion that the debtor was unable to pay its debts as they came during the balance of 2005.

Defendant responded that this argument ignored the debtor's monthly revenue stream of approximately $10 million during each of these two months. The Court was persuaded by defendant's argument that plaintiff's new legal theory had no merit.

The debtor's final piece of evidence was the declaration of its Chief Financial Officer (the "CFO"), evidencing that, at a meeting of the Board of Directors on June 28, 2005, he advised the Board that, if the debtor's losses continued at the current rate, the debtor could exhaust its reserves by September 2005. In response to this advice, the debtor took cost-cutting measures and delayed payments to those vendors that it judged would not respond in a fashion that would damage the debtor's business.[1]

The Court considered whether the CFO's advice to the Board on June 28, 2005 was sufficient to require that defendant's motion for summary judgment be denied and that the issue of insolvency be tried. The Court concluded that it was not. The debtor was able to take cost-cutting measures and pay the bulk of its debts through the end of the year. By contrast, the City of Vallejo was found to be insolvent when it was unable to reduce its expenses without

---

[1] The Court noted that, if the debtor had instituted these measures before July 1, 2005 and if the delayed payments had been sufficiently numerous and substantial in amount, this would have satisfied the first test for insolvency under 11 U.S.C. § 101(32)(C). However, these measures were instituted too late to have this effect.

5

endangering the public health and safety. See In re City of Vallejo, 408 B.R. 280, 294 (Bankr. 9th Cir. 2009).

**B. MOTION FOR RECONSIDERATION**

Plaintiff bases its motion for reconsideration on Rule 60(b)(1) of the Federal Rules of Civil Procedure, which are applicable to this adversary proceeding pursuant to Rule 9024 of the Federal Rules of Bankruptcy Procedure. These rules permit relief from an order or judgment on the grounds of mistake, among other things. Plaintiff contends that the Court made a mistake when it added the $10 million net revenue stream to its balance-sheet analysis. It notes that revenues are not relevant to a balance-sheet analysis.

Plaintiff has misunderstood the nature of the Court's analysis in the above-captioned decision. The Court was not employing a balance sheet analysis in determining that the debtor had the ability to pay its debts as they came due during the last half of 2005. It based its conclusion on the debtor's available cash, as reflected by the debtor's financial records. As noted above, the test for the insolvency of a municipality is not a balance sheet test. See 11 U.S.C. § 101(32)(C). Thus, the Court finds that plaintiff's motion for reconsideration has insufficient merit to warrant its being set for a hearing. An order denying the motion for reconsideration is being issued herewith.

END OF DOCUMENT

COURT SERVICE LIST

Andrea T. Porter
Friedman Dumas and Springwater
150 Spear St. #1600
San Francisco, CA 94105

Ivan L. Kallick
Manatt, Phelps and Phillips
11355 W Olympic Blvd.
Los Angeles, CA 90064